UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, :
:
v. : Criminal Case No. 11-102 (GK)
:
CHARLES DAUM, *et al.*, :
:
Defendants. :

## MEMORANDUM OPINION

Defendants have filed a Motion to Compel Production of *Brady/Giglio/Bagley* ("hereafter "*Brady/Giglio*") and *Jencks* Act Materials [Dkt. No. 60]. Upon consideration of the Motion, the Opposition, the Reply, and the applicable case law, the Court concludes that the Motion should be **granted in part and denied in part** for the following reasons.

As all parties know, the three Defendants have been charged with conspiracy to influence or injure an officer or juror; Defendant Daum, alone, has been charged with influencing or injuring an officer or juror, tampering with a witness and subordination of perjury. Defendants request in the present Motion that the Government be required to disclose all exculpatory information and impeachment materials 60 days before trial, and all *Jencks* Act materials pursuant to 18 U.S.C. § 3500, three weeks before trial. The Government strongly opposes the Motion and takes the position that Defendants should not be given such materials any earlier than three days before trial.

The charges against the Defendants are extremely serious. Because these charges have been filed against an experienced criminal defense lawyer and his investigators, the case has already received substantial attention in the press. Given this context, it cannot be maintained, as the Government suggests, that this is a simple or straightforward case in which Defendants deserve no more than the traditional period of time allowed in this District Court for the disclosure of

*Brady/Giglio* materials and *Jencks* Act statements. Gov.'s Opp'n at 2, 4. However, it is true that the Government has already turned over a substantial amount of information to the Defendants including documents, photographs, and more than 1,300 recorded jail calls made by Delante White when incarcerated in the original case, Criminal No. 08-065, before Judge Paul L. Friedman. Moreover this Court has unsealed all the proceedings in that earlier case, thereby giving Defendants access to plea agreements, statements of facts, and transcripts of all the proceedings. Thus, it is virtually certain that Defendants already have access to a substantial amount of the *Jencks* Act and *Giglio* materials that they now seek.

Defendants have made clear in their Motion that they want "the government [compelled] to produce all exculpatory information and impeachment materials, including any and all inconsistent statements that have been made by the four principal cooperating witnesses in this case about the subject matter of this prosecution." Defs.' Mot. at 1.

The Government argues that the Defendants' right to a fair trial does not require early disclosure of impeachment materials pursuant to *Giglio*. Gov.'s Opp'n at 3. The case law is quite to the contrary. The Supreme Court has clearly ruled that impeachment material is included in the Government's *Brady* obligations. United States v. Bagley, 473 U.S. 667, 676-77 (1985); Giglio v. United States, 405 U.S. 150, 154 (1972); Brady v. Maryland, 373 U.S. 83, 87 (1963). Moreover, such material must be disclosed "at such time as to allow the defense to use the material effectively in the preparation and presentation of its case, even if satisfaction of *Giglio* requires pre-trial disclosure." United States v. Pollack, 534 F.2d 964, 973 (D.C. Cir. 1976), accord, United States v. Celis, 608 F.3d 818, 835 (D.C. Cir. 2010). Finally, there can be no dispute at this point that *Brady* obligations cover both exculpatory and impeachment evidence.

It has long been established that Federal Rule of Criminal Procedure 16 was "designed to provide to a criminal defendant, in the interests of fairness, the widest possible opportunity to inspect and receive such materials in the possession of the government as may aid him in presenting his side of the case." United States v. Poindexter, 727 F. Supp. 1470, 1473 (D.D.C. 1989). Importantly, our Court of Appeals has cautioned that the Government should be erring on the side of disclosure when interpreting its *Brady/Giglio* obligations. See United States v. Moore, 651 F.3d 30, 99 (D.C. Cir. 2011) ("The Supreme Court has instructed that 'the prudent prosecutor' will resolve doubtful questions in favor of disclosure." (quoting United States v. Agurs, 427 U.S. 97, 108 (1976))); United States v. Karake, 281 F. Supp. 2d 302, 306 (D.D.C. 2003).

The Government seems to be suggesting in its Opposition that because the *Jencks* Act precludes disclosure of witness statements until after the witness has testified, there is no obligation under *Brady/Giglio* to turn over any and all inconsistent statements made by the cooperating witnesses in this case until three days before trial. However, *Brady/Giglio* obligations always trump both the *Jencks* Act and any limiting language in Rule 16. See United States v. Tarantino, 846 F.2d 1384, 1414 n.11 (D.C. Cir. 1988); United States v. Safavian, 233 F.R.D. 12, 16 (D.D.C. 2005); Poindexter, 737 F. Supp. at 1485 ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements.").

As Chief Judge Sentelle explained in United States v. Marshall, 132 F.3d 63, 67 (D.C. Cir. 1998), not only does Rule 16 not immunize inculpatory evidence from disclosure, but such evidence "is just as likely to assist in 'the preparation of the defendant's defense' as exculpatory evidence. In other words, it is just as important to the preparation of a defense to know its potential pitfalls as it is to know its strengths."

Thus, in a case such as this where, as Defendants correctly argue, the success of the Government's case will undoubtedly turn on the jury's assessment of the credibility of its four major witnesses, it is particularly important that the Defendants be given access to any inconsistent statements of those witnesses which constitute potential impeachment.

For all these reasons, the Court concludes that Defendants are entitled to production of all *Brady/Giglio* materials, even if that material includes statements which are also covered by the *Jencks* Act. While the Court concludes that Defendants are entitled to the materials they seek, the Court does not agree that they are entitled to receive these materials as far ahead of trial as they requested in their Motion.[1] As the parties know, the trial judge has great discretion in setting deadlines such as these, and usually balances any potential dangers of early discovery against the Defendant's ability to use the materials effectively. In this case, the Court concludes that the interests of both the Defendants, as well as the Government,[2] will be served by requiring the Government to disclose all *Brady/Giglio* information by **April 20, 2012** (10 days in advance of trial),

---

[1] The periods of time requested by the Defendants have now been mooted by the passage of time since the filing of the Motion, as well as the extensions of time granted to the parties to complete briefing on the many pending Motions.

[2] The Government alludes to concerns about "witness security, obstruction of justice, and the defendants' willingness to interfere with the judicial process" that the Court should consider. However, no concrete representations have been made to justify these concerns. There has been nothing to suggest that disclosure of any of these materials would jeopardize the safety of the four cooperating Government witnesses, especially since their identification has been known for an extended period of time.

and by requiring the Government to disclose *Jencks* Act statements by **April 25, 2012** (five days in advance of trial).

March 8, 2012
                                                   /s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**