UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | CRIMINAL NO. 11-102 (GK) |
| : | |
| v. : | |
| : | |
| CHARLES DAUM, : | |
| DAAIYAH PASHA, and : | |
| IMAN PASHA, : | |
| : | |
| Defendants. : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America (hereafter the "government"), through undersigned counsel, files this Memorandum in Aid of Sentencing in the instant case. The government submits that the Sentencing Guidelines establish a reasonable sentencing range for each defendant that appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a), and thus respectfully requests that this Court impose the sentences requested herein, which fall within the applicable guideline ranges, upon each defendant.

### STATEMENT OF FACTS

As its Statement of Facts, the government adopts in its entirety this Court's Verdict of June 22, 2012 (Dkt. No. 228). In addition, the government has no objections to, and adopts the positions of, the defendants' respective Presentence Investigation Reports.

### SUMMARY OF U.S.P.O. GUIDELINE CALCULATIONS AND GOVERNMENT RECOMMENDATION

Each defendants' respective guideline range as determined by the United States Probation Officer, and the government's recommended sentence for each defendant, are as follows:

|  | US Probation | Govt.'s Recommended Sentence[1] |
|---|---|---|
| **Charles Daum:** | | |
| Total Offense Level: | 26 | 26 |
| Criminal History: | I | I |
| Count One: | 60 months imprisonment[2] | 60 months imprisonment |
| Counts Two - Four: | 63-78 months imprisonment | 78 months imprisonment |
| Counts Six - Seven: | 60 months imprisonment | 60 months imprisonment |
| Supervised Release: | Not more than 3 years | 3 years |
| Fine: | $12,500 to $125,000 | Govt. defers to the Court |
| Special Assessment: | $600 | $600 |
| **Daaiyah Pasha:** | | |
| Total Offense Level: | 22 | 22 |
| Criminal History Category: | II | II |
| Count One: | 46-57 months imprisonment | 46 months imprisonment[3] |
| Supervised Release: | Not more than 3 years | 3 years |
| Fine: | $7,500 to $75,000 | Govt. defers to the Court |
| Special Assessment: | $100 | $100 |
| **Iman Pasha:** | | |
| Total Offense Level | 27 | 27 |
| Criminal History Category: | I | I |
| Count One: | 60 months imprisonment[4] | 60 months imprisonment |
| Supervised Release: | Not more than 3 years | 3 years |
| Fine: | $7,500 to $75,000 | Govt. defers to the Court |
| Special Assessment: | $100 | $100 |

---

[1] The government recommends defendant Daum's sentences be served concurrently.

[2] The statutory maximum for the offenses charged in Counts One, Six, and Seven is 60 months. The actual guideline range is 63-78 months.

[3] This recommendation does not include any role adjustment.

[4] The statutory maximum for the offense charged in Count One is 60 months. The actual guideline range is 70-87 months.

## GOVERNMENT'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE U.S.P.O. GUIDELINE CALCULATIONS

Charles Daum:

The government takes no position with respect to the objections raised by defendant Charles Daum as they do not affect the guideline calculations.

Daaiyah Pasha:

The government takes no position with respect to the objections raised by defendant numbered 1-3, 6, and 8-15, as they do not affect the guideline calculations. With respect to objections 4 and 5, the government adopts the findings of fact and conclusions of law contained in the Court's Verdict of June 22, 2012 (Dkt. No. 228). With respect to objection 7, the government does not recommend, but will not oppose, a 2 level reduction to her offense level as a "minor participant" pursuant to U.S.S.G. §3B1.2(b), if the Court deems it appropriate. As discussed hereafter, the government concurs with the calculation of defendant's criminal history category as determined by the U.S.P.O., and denies that it "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes" as contemplated by U.S.S.G § 4A1.3(b).

Iman Pasha:

The government takes no position with respect to objection number 1 raised by defendant, as it does not affect the guideline calculations. With respect to objection 2, the government adopts the findings of fact and conclusions of law contained in the Court's Verdict of June 22, 2012 (Dkt. No. 228).

**ARGUMENT**

Under the Sentencing Reform Act, as interpreted by the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the district courts follow a two-step process when imposing a sentencing on a defendant. First, the Court must first properly calculate and consider the defendant's Sentencing Guideline range. *Booker*, 543 U.S. at 245; *United States v. Coumaris*, 399 F.3d 343, 351 (D.C. Cir. 2005); *United States v. Ventura*, 481 F.3d 821, 823 (D.C. Cir. 2007). The Sentencing Guidelines "should be a starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The Sentencing Guidelines are advisory, not mandatory. *United States v. Motley*, 587 F.3d 1153, 1158 (D.C. Cir. 2009) ("In *Booker*, the Supreme Court excised the statutory section that had made the Guidelines mandatory, thus rendering them advisory."); *United States v. Dorcely,* 454 F.3d , 366, 375 (D.C. Cir. 2006) ("In a post-*Booker* world, the [sentencing] court must calculate and consider the applicable Guidelines range but is not bound by it.").

In the second step, the Court must, if appropriate, "tailor the sentencing in light of other statutory factors as well." *Booker*, 543 U.S. at 245; *Coumaris*, 399 F.3d at 351. Those statutory factors include in relevant part, as set forth in 18 U.S.C. § 3553(a):

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with rehabilitation, education and training, and other correctional treatment; and

(3)   the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

I.  **The Probation Office Correctly Calculated the Defendants' Respective Sentencing Guidelines Range and Criminal History.**

The government submits that the U.S.P.O. correctly calculated the Sentencing Guidelines and Criminal History for each defendant. Defendant Daum makes no objections to the calculations. The factual objections made by the Pasha defendants which are contested by the government are simply contrary to the findings of fact made in the Court's Verdict, which specifically supports in all particulars the calculation of the base and adjusted offense levels made by the U.S.P.O. While the government does not expect defendants to concur with those facts, their appropriateness for forming the basis of the Guideline calculations is beyond question.

With respect to Daaiyah Pasha's objection to her criminal history calculation, the government denies that it "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes" as contemplated by U.S.S.G § 4A1.3(b). Defendant's criminal history includes three convictions, for Criminal Trespass (reduced from Robbery) in 1971, Carrying Pistol Without License/Unregistered Firearm in 1986, and Possession with Intent to Distribute Cocaine in 1994, for which she received no criminal history points at all. Her sole counted three criminal history points derive from a conviction for Attempted Possession with Intent to Distribute Heroin in 1993. Given that out of her four convictions, only one of them is even being used to calculate her criminal history, it can hardly be said it "over-represents" the seriousness of her criminal history - in fact it easily could be argued that it *under-represents* it. The Application Notes accompanying this section of the Guidelines state "[a] downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten

years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3, Application note 3.  That is certainly not the case here, where the defendant has three uncounted convictions, including two serious misdemeanors and a felony drug offense, which span a 23 year period.  See *In re Sealed Case*, 527 F.3d 174, 176 (D.C. Cir. 2008)("[D]eparture under § 4A1.3 is only justified in the rare and unusual case in which a defendant's criminal history category significantly over-represents the seriousness of his past conduct and future threat to society")(citing *United States v. Beckham*, 968 F.2d 47, 55 (D.C. Cir.1992)).

**II.     The Guideline Range Calculated for the Defendants Complies With the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a)**.

After applying the Sentencing Guidelines, the Court must then consider the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

**A.     Nature and Circumstances of the Offense**

The defendants committed a serious crime against the United States, and in so doing, perpetrated a fraud upon a Court of the United States.  The Court laid out in great detail in its Verdict the elaborate lengths to which the defendants went in both perpetrating and then attempting to cover up the conspiracy.  It is significant that the conspiracy required each defendant to make specific decisions to commit criminal acts not once, but many times.   There

few things that are more an affront to the Court and the justice system than a willful attempt to subvert that system, particularly when it is masterminded by a member of the Court's own bar.

### B. History and Characteristics of the Defendants

There is no information in the PSR regarding any of the defendants' childhood, family history, employment, or any other personal history factors which would persuasively support a defense claim that any of the defendants' history and characteristics are so remarkable as to warrant a sentence below their respective Guideline ranges.

### C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law and Just Punishment, to Afford Adequate Deterrence, and to Protect the Public from Further Crimes of the Defendants

In a situation such as this, where the defendants are a well-known lawyer and a team of CJA investigators, it is particularly important that the Court's sentence be fair, reflect "equal justice under law," and be without any consideration that would create in the minds of the public and other defendants the perception that the defendants received "special treatment" or favoritism because of their vocations.

In fact, these defendants are hardly neophytes. It is noteworthy that despite the overwhelming evidence against them, the defendants remain defiant and unrepentant. It is also noteworthy that the guideline ranges calculated for the defendants in several instances actually exceed the statutory cap, instantly assuring they will receive less time than that contemplated by the Guidelines. In the case of Iman Pasha, for example, who actually has the highest Guideline range of any of the defendants, the Court must start its calculation a full 10 months below her Guideline range just to stay within the statutory maximum sentence. She reached this high Guideline level by virtue of having multiple specific offense characteristics applied to her base

offense level, including threatening physical injury to one of the government's witnesses in an effort to obstruct justice. It is for this reason the government seeks the statutory maximum sentence of 60 months.

Defendant Daaiyah Pasha has a prior felony record including heroin and cocaine distribution and a misdemeanor weapon charge. Her previous incarceration apparently did not have the effect of dissuading her from criminal conduct. However, her convictions are fairly old, her role in this conspiracy was more limited than that of the other defendants, and she did not receive any aggravating adjustments. For these reasons, the government has requested the low end of the applicable guideline range.

While defendant Daum has no criminal record, he does have a history of bar violations, and was clearly the mastermind of this criminal conspiracy. More significantly, however, is the evidence admitted at trial under Fed. R. Evid. 404(b) that indicates defendant Daum committed similar criminal acts in an effort to defraud a court and obstruct justice on at least two preceding occasions. While the Court did not find the government's proof on these matters to reach the level of "beyond a reasonable doubt," and thus did not consider them in reaching its Verdict, the Court did find they had been proven "by a preponderance of the evidence." (Verdict, pp. 8-11). As such, these prior bad acts should be given consideration in formulating his sentence because that lower standard of proof now applies. Given his proven history of engaging in obstructive and fraudulent conduct, and his position at the apex of the conspiracy, the government requests he receive the high end of his applicable guideline range.

**D.     The Need to Provide the Defendants with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

It is anticipated defendant Daum may seek relief under § 3553 based upon his heart condition, which has apparently required medical attention since the trial. However, the Bureau of Prisons has several medically designated facilities that provide treatment and care for inmates with all manner of health issues, many of which are far more severe than defendant Daum's. While the Court may properly consider that issue, there is no reason why it should support a significant departure from his applicable Guideline range. *United States v. Turner*, 531 F. Supp.2d 123, 131 (D.D.C. 2008)(Imprisonment for chronically ill defendant appropriate absent evidence that BOP could not provide care); *United States v. Carl*, 461 Fed. Appx. 1, 2 (D.C. Cir. 2012)(Court must balance a number of factors, or which declining health is only one).

**E.     The Court Should Not Consider Sentencing Disparity With Regard to the Sentences Imposed Upon Testifying Co-Conspirators**

It is anticipated the defendants may seek relief under § 3553 on the grounds that the cooperating co-conspirators who testified at trial received significantly less prison time than the guideline ranges called for with respect to these defendants.[5]

Section 3553(a)(6) articulates "the need to avoid unwarranted sentence disparities among defendants *with similar records* who have been found guilty of *similar conduct*." 18 U.S.C. § 3553(a)(6) (italics added); *see also United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006)

---

[5] In the related case involving the testifying co-conspirators, Jerome White, Christopher White, and Candice Robertson were each incarcerated for approximately six months from April until September, 2009, when they were released pending sentencing. They were sentenced to "time served" on October 4, 2012. Delante White received the longest sentence of the group, 33 months.

("[D]isparity between non-similarly situated co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)."); *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006) ("[Section] 3553(a)(6) by its terms plainly applies only where co-defendants are similarly situated."); *United States v. Newsom*, 428 F.3d 685, 689 (7th Cir. 2005) ("[Section] 3553(a) does not ban all disparities; its concern is only with *unwarranted* disparities."). By its terms, the statute requires a specific evaluation of the defendants' records and conduct.

When determining whether a sentence creates an unwarranted disparity, the Court should also consider a defendant's acceptance of responsibility, the nature and extent of a defendant's participation in the criminal activity, a defendant's criminal history, and whether and to what extent a defendant cooperated. Other Circuits support using such factors in a § 3553(a)(6) analysis. *See, e.g.*, *United States v. Mejia*, 597 F.3d 1329, 1344 (D.C. Cir. 2010) (concluding that difference in sentences was entirely explained by co-defendant's acceptance of responsibility and thus any disparity resulting from defendant's "harsher" sentence was not unwarranted); *United States v. Davis-Bey*, 605 F.3d 479 (8th Cir. May 14, 2010) ("[I]t is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are 'legitimate distinctions' between the co-defendants."); *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) ("[A] sentencing disparity based on cooperation is not unreasonable."); *United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008) ("[D]isparate sentences are allowed where the disparity is explicable by the facts on the record."); *United States v. Colwell*, 304 F. App'x 885, 885-86 (D.C. Cir. 2008) (upholding sentence against § 3553(a)(6) challenge on the basis of co-conspirators' criminal history category and number of fraudulent transactions in which co-conspirators participated, how much co-conspirators

contributed to conspiracy's success, and crime to which each co-conspirator pled guilty); *United States v. Bras*, 483 F.3d 103, 114 (D.C. Cir. 2007) (concluding sentence not unwarranted because defendant and co-conspirators "did not hold comparable positions, either in the conspiracy or in their workplaces" and co-conspirators "provided substantial assistance in the investigation of the scheme, while [the defendant] did not"); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006) ("[A] sentencing *difference* is not a forbidden 'disparity' if it is justified by legitimate considerations, such as rewards for cooperation."). Stated differently, a defendant is only entitled to "a weighing of the section 3553(a) factors that are relevant to [his] case, not to a particular result." *United States v. Carrasco-De-Jesus*, 589 F.3d 22, 29 (1st Cir. 2009).

In instant matter, while they were co-conspirators (not technically co-defendants), the Whites and Candice Robertson fully cooperated, pled guilty, assisted in a lengthy investigation, testified before the Grand Jury, and ultimately, testified in a lengthy and highly contested trial wherein they were subject to vigorous cross-examination. Their situations stand in stark contrast to the instant case. The testifying co-conspirators came from horrific circumstances, broken families, and legacies of drug and alcohol dependence. Their stories were both sad and shocking.

The defendants herein are educated, intelligent, and had many more opportunities in life. They conceived and executed this elaborate conspiracy, with the Whites acting merely as instrumentalities. The Court noted in its Verdict their lack of sophistication, obsessions with drugs, alcohol, and sex, and the fact that the plan could only have been hatched by persons with enough legal knowledge to understand how and why to rebut items constituting the government's evidence. The fact the defendants herein face significantly longer terms in prison reflects two

stark realities – these defendants initiated and led the execution of the crime, and then refused to accept responsibility for it.

## CONCLUSION

Therefore, for the above-stated reasons, the United States submits that the sentences requested herein for each defendant would be reasonable and would account for each of the factors set forth in 18 U.S.C. § 3553(a).  Therefore, the United States respectfully asks this Court to impose the sentences requested herein upon each defendant.

Respectfully submitted this 1st day of March 2013.

>ARTHUR G. WYATT, Chief
>Narcotic and Dangerous Drug Section
>Criminal Division
>U.S. Department of Justice
>
>/s/ Darrin L. McCullough
>Darrin L. McCullough
>Trial Attorney
>145 N Street, NE
>Second Floor, East Wing
>Washington, D.C.  20530
>(202) 616-2255
>Darrin.mccullough@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of March 2013, I filed the foregoing with the Clerk of the Court via ECF/CM, which will result in automatic notification to all counsel of record.

      Respectfully submitted,

      Arthur G. Wyatt, Chief
      Narcotic and Dangerous Drug Section
      U.S. Department of Justice, Criminal Division


      */s/ Darrin L. McCullough*
      Darrin L. McCullough
      Trial Attorney
      145 N Street, NE
      Second Floor, East Wing
      Washington, D.C.  20530
      (202) 616-2255
      Darrin.mccullough@usdoj.gov